The only issue, as I stated, which is now before the Court is that raised by the last paragraph in the answer of Edwin Stuart Dickerson, Jr. and which was the subject of a motion to strike. Vice-Chancellor Woodruff held the answer was proper and the issue raised by that paragraph in the answer was not disposed of by him, and that issue is whether or not there was an assignment by Woodward Tingle Dickerson of his annuity to his brother, Edwin Stuart Dickerson, Jr. as consideration for his executing, or approving of two claims of his mother to securities which were in the safe deposit box of the decedent.
The claim is not of an absolute assignment but only of an assignment of a preference. In other words, Edwin Stuart Dickerson claims he was entitled to receive all of his annuity before Woodward Tingle Dickerson received any of his.
Of course, the burden of proving any such assignment is on the person who asserts it. In my judgment that burden has not been sustained. As I read the testimony, or interpret the testimony, and read the exhibits which have *Page 482 
been offered in evidence, the only evidence of an assignment, written evidence of an assignment, is that contained in two letters written by Woodward Tingle Dickerson to his brother — one written to his brother, and the other to the trust company. Even the letter written to his brother does not refer to anything except certain instalments of the annuity which were then due or about to become due, and the letter to the trust company refers only to two specific instalments. The receipts which have been offered in evidence to substantiate the claim that Edwin Stuart Dickerson's mother, the widow, attempted to carry out an agreement which she made with him, show two payments of $250.00 each and one payment of $120.00, at about the time certain instalments of the annuity were to fall due, but those receipts expressly show that those advances were in the nature of loans and nothing else. So I think there can be no question at all but that the burden of proof showing this alleged assignment has not been sustained, and I find there was no such assignment.
There is another phase of this matter which, it seems to me, everybody must have overlooked. The agreement which is alleged here is an agreement to approve a dishonest claim against the estate in consideration of a guarantee that this defendant would receive his annuity. Now, that is an illegal agreement, in my judgment, and certainly this court would not enforce it. This court would never lend itself to the enforcement of a fraudulent agreement, and if the defendant participated in a fraudulent scheme to have the executors pay a dishonest claim he is in the wrong court to get relief, because he will never get it here. But there is no proof that there was a dishonest claim. As a matter of fact, the proof is all the other way. The claim was approved, as compromised, by the Camden County Orphans' Court, and that settles it. As far as the legality of that claim is concerned it is not in issue now.
Another issue, or question, in addition to the issue touching the alleged assignment, is raised by the form of decree submitted by Mr. Repetto. In that form he provides for *Page 483 
interest to the two annuitants, Woodward Tingle Dickerson and Edwin Stuart Dickerson, Jr., on the deferred instalments of the annuities due them. I have made some research of the law touching this point and I have reached the conclusion that these annuitants are not entitled to interest on the deferred instalments. The annuities were not strict annuities but income annuities payable only out of income, and the only reason they were not paid was because there was insufficient income to pay them. The executors and trustees were never in funds to pay these annuities and the payments were not withheld for any reason other than the income was insufficient to pay them. Had the executors and trustees had sufficient income to meet these payments another question would have arisen and then the claim for interest might have been more analogous to that of a claim for interest on a legacy the payment of which was withheld for more than a year after testator's death.
My decision on the interest question is therefore that neither annuitant is entitled to interest on the deferred payments.
This matter will be set down tentatively for Friday of this week for the settlement of the terms of the final decree. I understand Mr. Repetto is to arrange for postponement of another case in order to be present on Friday and he will notify other counsel as to whether or not he will be able to be present on Friday. If not, another day will be fixed. *Page 484